IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Christopher H. Willis, | ) |
| | ) C/A No.: 3:11-cv-1833-JFA |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| Genetha Baines, United Services Automobile Association, a/k/a USAA, and USAA Casualty Insurance Co., | ) |
| | ) |
| Defendants. | ) |

This matter comes before the Court pursuant to the defendant's motion to dismiss and the plaintiff's motion to remand. The parties have fully briefed this matter, and after hearing oral argument from the parties, the Court has determined that remand is appropriate. For the reasons stated herein, the Court hereby denies defendant's motion to dismiss and grants plaintiff's motion to remand.

**FACTUAL AND PROCEDURAL HISTORY**

On June 21, 2008,[1] Christopher Willis was in an automobile accident with Genetha Baines. Willis filed the present suit against USAA on June 20, 2011 in the Richland County Court of Common Pleas, Fifth Judicial Circuit. Willis alleged breach of contract, bad faith failure to pay a claim, violation of South Carolina's Unfair Trade Practices Act, violation of South Carolina's Insurance Trade Practices Act, fraud, negligent misrepresentation, and negligence. Willis alleged that USAA failed to pay

---

[1] Plaintiff lists this date as the date of the accident in his complaint. Pl.'s Compl., ¶ 9, ECF No. 1-3. In Plaintiff's Memorandum in Support of Motion to Remand at page 1, however, the date is listed as May 21, 2008.

1

Underinsured Motorist benefits pursuant to an insurance policy entered into by Willis with USAA. On June 28, 2011, Willis amended his complaint to add USAA Casualty Insurance Company ("USAA CIC") and Genetha Baines as defendants. Willis alleged the same causes of action against USAA CIC he alleged against USAA. In addition, he alleged negligence against Baines stemming from the car accident of June 21, 2008.

The defendant filed a notice of removal on July 27, 2011 on the basis of diversity and alleged fraudulent joinder of the non-diverse parties. The defendant filed a motion to dismiss Genetha Baines on August 1st, 2011. The defendant argued that Baines had been joined in violation of the statute of limitations. The plaintiff filed a motion to remand on August 18, 2011.

## LEGAL STANDARD

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court has stated, however, that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Accordingly, Plaintiff must put forth claims that crosses "the line from conceivable to plausible." *Id.* at 1950–51 (internal quotation omitted).

"Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, see Fed. R. Civ. P. 8(c), and the burden of establishing the affirmative defense rests on the defendant." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). "It follows, therefore, that a motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Id.* "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Id.* This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear[ ] on the face of the complaint." *Id.* (citing *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir.1993).

## DISCUSSION

I.    MOTION TO DISMISS

This Court declines to find that this is an instance where the affirmative statute of limitations defense should be determined by a motion to dismiss. The Court acknowledges the distinct possibility that the addition of Baines as a party is barred by

3

the statute of limitations.[2]  This Court, however, believes that defendant Baines should appear and address the statute of limitations defense in state court.  Such a forum would provide for a full airing of all the attendant issues, including possible factual arguments such as the tolling of the statute, inherent in an affirmative defense.  Because this Court lacks jurisdiction over the case if Baines remains a party, as discussed below, it could not provide such a forum.  Additionally, the resolution of the statute of limitations defense involves a disputed question of state law.

As a result, this Court declines to address defendant's affirmative statute of limitations defense asserted in the present motion to dismiss.  Accordingly, the Court denies the defendant's motion to dismiss.

II.     MOTION TO REMAND

Baines was joined as a party prior to the removal of the case to this Court.  Because this Court has denied the motion to dismiss Baines, her presence in the suit defeats diversity.[3]  The Court therefore lacks subject matter jurisdiction under 28 U.S.C. § 1332 because there is not complete diversity among the parties.  *See Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 199) ("In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants.").  The Court hereby grants the defendant's motion to remand.

---

[2] Plaintiff's Complaint lists the date of the accident as June 21, 2008.  Plaintiff filed its Amended Complaint on June 28, 2011.  The SC Statute of Limitations S.C. Code § 15-3-530(5), if applicable, would therefore bar the amendment.

[3] The parties do not dispute that plaintiff and defendant Baines are both citizens and residents of Richland County, South Carolina.

Accordingly, the action is remanded to the Court of Common Pleas, Richland County, South Carolina. A certified copy of this order of remand shall be sent by the Clerk of this Court to the Clerk of the Court of Common Pleas, Richland County, Fifth Judicial Circuit of South Carolina.

IT IS SO ORDERED.

September 29, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge